Howard v. Antilla                    CV-97-543-M    11/17/99

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Robert Howard,
        Plaintiff

        v.                                    Civil No. 97-543-M

Susan Antilla,
        Defendant



**O R D E R**


Robert Howard is the chairman of the board of Presstek, Inc. He brings this defamation action, seeking damages for injuries he claims to have sustained when Susan Antilla, a reporter for The New York Times, published an article implying that Howard might really be Howard Finkelstein, "a convicted felon who went to jail for violations of securities laws, among other things."  Susan Antilla, Is Howard Really Finkelstein?  Money Rides on It, N.Y. Times, October 27, 1994, at D1 (Exhibit A to plaintiff's memorandum (document no. 47)).  The article described "a rumor [that] was sweeping the [stock] market that the chairman of Presstek had been concealing an ugly past.  The story that made the rounds: Mr. Howard, founder of Presstek in 1987, was Howard Finkelstein . . .."  Id.  The article also described an apparent scheme orchestrated by short sellers of Presstek stock, designed to profit from rumors of the Howard-Finkelstein identity issue.

Antilla moves the court to hold, as a matter of law, that Howard is a "limited public figure" for purposes of this suit. Howard objects.

## Discussion

Whether a party qualifies as a public figure is a legal question, properly resolved by the court. See Rosenblatt v. Baer, 383 U.S. 75, 88 (1966); Pendleton v. City of Haverhill, 156 F.3d 57, 67-68 (1st Cir. 1998). In Gertz v. Robert Welch, Inc., 418 U.S. 323 (1974), the Supreme Court recognized a distinction between two types of public figures:

> Some [plaintiffs] occupy positions of such persuasive power and influence that they are deemed public figures for all purposes. More commonly, those classed as public figures have thrust themselves to the forefront of particular public controversies in order to influence the resolution of the issues involved.

Id., at 345. More recently, this court (Devine, S.J.) addressed the legal concepts of "general purpose public figures" and "limited public figures," observing that:

> The designation "public figure" may rest on two alternative bases. First, in some instances, an individual may achieve such pervasive fame or notoriety that he becomes a public figure for all purposes and in all contexts. Second, persons of lesser fame may nonetheless qualify as limited public figures if they "thrust themselves to the forefront of particular public controversies." Such limited public figures are subject to the "actual malice" standard only for defamation arising out of the public controversy into which they have thrust themselves.

2

Fagin v. Kelly, 978 F.Supp. 420, 426 (D.N.H. 1997) (citations omitted).

In the wake of the Supreme Court's opinion in Gertz, supra, the Court of Appeals for the District of Columbia Circuit summarized the factors that courts should consider when determining whether a particular person is a general purpose public figure.

> A court must first ask whether the plaintiff is a public figure for all purposes. Gertz, as noted above, held that a plaintiff could be found to be a general public figure only after a clear showing "of general fame or notoriety in the community, and pervasive involvement in the affairs of society. . . ." 418 U.S. at 352. He must have assumed a "role of especial prominence in the affairs of society . . ." Time, Inc. v. Firestone, 424 U.S. 448, 453 (1976). Accord, Wolston v. Reader's Digest Association, 443 U.S. 157, 165 (1979). In other words, a general public figure is a well-known "celebrity," his name a "household word." The public recognizes him and follows his words and deeds, either because it regards his ideas, conduct, or judgment as worthy of its attention or because he actively pursues that consideration.

Waldbaum v. Fairchild Publications, Inc., 627, F.2d 1287, 1294 (D.C. Cir. 1980).

While Howard likely does not qualify as a general purpose public figure (a position not advanced by defendant), he has plainly achieved a degree of notoriety relating to his various corporate pursuits, particularly Presstek, to qualify as a limited purpose public figure in the context of this proceeding. See Defendant's memorandum (document no. 41) at 3-18. See also

Exhibits 1-47 (attached to defendant's memorandum).  As the Court

of Appeals for the Eleventh Circuit has recognized:

> The proper standards for determining whether plaintiffs
> are limited public figures are best set forth in
> Waldbaum v. Fairchild Publications, Inc., 627 F.2d 1287
> (D.C. Cir. 1980), . . . . Under the Waldbaum analysis,
> the court must (1) isolate the public controversy, (2)
> examine the plaintiffs' involvement in the controversy,
> and (3) determine whether "the alleged defamation [was]
> germane to the plaintiffs' participation in the
> controversy."  Id., at 1297.

Silvester v. American Broadcasting Companies, Inc., 839 F.2d

1491, 1494 (11th Cir. 1988).


Here, the "public controversy" relates to a familiar and

often discussed public issue — the performance of a publicly

traded company's stock and the various factors (both legal and

illegal) that influence, or can be manipulated to effect, the

market value of that stock.  Review of defendant's exhibits - a

two volume set of documents chronicling Howard's well publicized

career, including numerous published articles discussing Howard's

role in Presstek (as well as an SEC investigation into

allegations that he participated in unlawful insider trading

relating to Howtek, one of Howard's other companies[1]) - there can

_____

[1]  The record suggests that approximately eight months
before Antilla's article was published, the SEC alleged that
Howard had communicated non-public information concerning Howtek
to a friend, who then purchased Howtek stock.  Howard agreed to
the entry of final judgment in the SEC action, neither admitting
nor denying any wrongdoing.  The judgment included a permanent
injunction prohibiting him from violating securities laws in the
future and directing him to pay a civil fine of approximately
$42,500.

4

be little doubt that Howard qualifies as a central figure in the described and on-going public controversy. It is equally clear that the published statements about which he complains relate directly to his role in Presstek and, more specifically, the open and public debate concerning the fairly prolonged periods during which public trading of that company's stock was quite volatile and the possible influence short traders of the company's stock had on that volatility.

## Conclusion

Based upon the exhibits filed by defendant, and for the reasons set forth in her legal memorandum, the court concludes that plaintiff is indeed a limited purpose public figure in the context of this litigation. Accordingly, defendant's motion for partial summary judgment on the issue of plaintiff's status as a limited public figure (document no. 41) is granted.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 17, 1999

cc:  Charles G. Douglas, III, Esq.
     Jonathan M. Albano, Esq.
     William L. Chapman, Esq.

5